1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL SAMUEL JOHNSON,

11              Petitioner,                   No. CIV S-11-3234 MCE GGH P

12         vs.

13   GARY SWARTHOUT,

14              Respondent.            FINDINGS and RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se on his petition for writ of habeas

17   corpus, filed pursuant to 28 U.S.C. § 2254.  Respondent has moved to dismiss the petition,

18   arguing that petitioner failed to exhaust his claims before the highest state court as required by 28

19   U.S.C. § 2254(b)(1).  Plaintiff opposes the motion.  For the reasons outlined below, the

20   undersigned recommends that the respondent's motion to dismiss be granted.

21              Background

22              On September 3, 2010, petitioner went to sleep in a bunk not assigned to him and

23   delayed the prison count by 45 minutes.  See Doc. No. 1 at 15; Doc. No. 13-1 at 15.  Petitioner

24   was issued a Rules Violation Report ("RVR") for "Delaying an Officer in Performance of His

25   Duties" and assessed a 90 day loss of credits.  See Doc. No. 1 at 17; Doc. No. 13-1 at 18.

26   Petitioner alleges that, during the hearing convened in connection with the RVR, his due process

                                              1

1  rights were violated because, among other things, he was not allowed to call witnesses or present

2  evidence, and was not provided with a staff assistant.  See Doc. No. 1 at 7-9.

3         The original RVR is dated September 3, 2010.  See Doc. No. 1 at 15; Doc. No.

4  13-1 at 15.  The log number assigned to the September 3, 2010 RVR is A-10-09-004.  Id.  It

5  appears from the RVR that the original hearing was continued, and a final report was issued on

6  October 21, 2010.  See Doc. No. 1 at 17-18; Doc. No. 13-1 at 18-19.  Petitioner appealed the

7  RVR to the Warden, and to the Director of the California Department of Corrections and

8  Rehabilitation ("CDCR"), both of which were denied.  See Doc. No. 13-1 at 22-25.  The

9  Director's Level Decision is dated June 3, 2011.  See id. at 24-25.

10        The record reflects that, on July 25, 2011, petitioner filed a writ of habeas corpus

11 with the Kern County Superior Court, alleging due process violations in connection with the

12 September 3, 2010 RVR.  See Doc. No. 13-2 at 1-2.  The Superior Court denied the petition on

13 September 26, 2011, finding that "some evidence" supported the action taken by prison officials.

14 Id.

15        The current federal petition was filed in this court on December 6, 2011.  See

16 Doc. No. 1.

17        In the federal petition, petitioner alleges that he raised his current claims with the

18 Superior Court and the state Supreme Court.  See Doc. No. 1 at 8 ("The California Supreme

19 Court didn't even consider to look at it and issued a post card denial!")  Petitioner additionally

20 claims in his application that he "appeal[s] everything, to California Supreme Court in all state

21 matters always."  See Doc. No. 1 at 3.  However, in response to the question of whether he

22 appealed "this judgment," petitioner responds that he appealed his underlying criminal judgment

23 - and provides no detail about what appeals he took from the September 3, 2010 RVR.  See Doc.

24 No. 1 at 2, Answer Nos. 10-11.

25        Petitioner has filed over 200 pages of supplements and exhibits in connection with

26 this habeas petition, none of which are the habeas petition from the Supreme Court or the

1  postcard denial.  See Doc. No. 1.

2          When petitioner filed this current petition, he had at least three other habeas

3  petitions pending in this court.  Included among the three is case no. 11-cv-2715 GEB CKD HC,

4  filed October 14, 2011, in which petitioner alleges that his due process rights were violated in

5  connection with an RVR issued to petitioner for "Obstructing a Peace Officer in the Performance

6  of Duty" on August 10, 2010 when petitioner became argumentative about not being allowed

7  through the work change area with his personal shoes, ignored a direct order to leave the work

8  change area, and disrupted the normal flow of processing inmates through work change for

9  approximately five minutes.  See Case No. 11-cv-2715 GEB CKD HC, Doc. No. 1.  The log

10  number assigned to the August 10, 2010 RVR is A-10-08-003.  Id.  In case no. 11-cv-2715,

11  petitioner alleges, among other things, that he was denied a witness at the hearing and requests

12  restoration of his forfeited credits.[1]  Id.

13          Respondent has now moved to dismiss, alleging that petitioner has failed to

14  exhaust his claims to the highest available state court before bringing this federal challenge.  See

15  28 U.S.C. § 2244(b)(1).  Respondent argues that petitioner must establish exhaustion before he

16  may proceed, but that petitioner

17                    did not include a record of that habeas petition in his proceeding. (Pet at
                     8.)  Not has Respondent been able to find any record that [petitioner]
18                    raised his instant due process claims in the California Supreme Court, or
                     the state court of appeal.
19  Doc. No. 13 at 2-3.

20          Petitioner opposes the motion.  He claims that he raised these claims in both the

21  Kings County Superior Court and the California Supreme Court, and that he is flummoxed as to

22  why respondent cannot find the Supreme Court's postcard denial.  See Doc. 14 at 2, 9.  Petitioner

23  claims that, because of cell searches and his current placement in administrative segregation, he

24

25          [1]  A review of the court's docket for case no. 11-cv-2715 reflects that respondent's
    answer to the petition has been filed, and that, in the answer, respondent concedes that petitioner
26  had exhausted the claims underlying petition no. 11-cv-2715.

1   does not have copies of the RVR or the Supreme Court's decision.  See id. at 9.

2          Petitioner has also filed a letter to the undersigned, stating that he has written to

3   the Clerk of the California Supreme Court asking for the case number, as well as copies, of his

4   exhausted habeas petition, but that the Clerk continues to send him the wrong pleadings.  See

5   Doc. No. 17 at 1.  He asks for the court's assistance, because he "know[s] however I did file in

6   his court."  See id.[2]

7          Attached to petitioner's letter are the following:

8          (1) Clerk's letter to petitioner dated April 5, 2012,

9          (2) Petitioner's letter to Clerk of the Supreme Court dated March 2, 2012,

10         (3) Petitioner's undated letter to the Clerk of the Supreme Court stamped

11  "Received Feb. 23, 2012"

12         (4) Order of the Supreme Court of California, denying a habeas petition in docket

13  number S197187, In re Paul Samuel Johnson, citing In re Miller, 17 Cal.2d 734, 735 (1941).

14         (5) Order of the Supreme Court of California, denying a habeas petition in docket

15  number S194477, In re Paul Samuel Johnson, without citation.

16         (6) Petition for Writ of Habeas Corpus, filed in Supreme Court of California,

17  docket number S194477, alleging that petitioner's due process rights were violated when he was

18  issued a RVR for obstructing a peace officer in the performance of duty when petitioner ignored

19  a lawful order to exit the work change area, and attaching as exhibits various decisions related to

20  RVR Log No. A-10-08-003 dated August 10, 2010.

21         The exhibits attached to petitioner's letter suggest that he filed a petition in the

22  California Supreme Court challenging RVR Log No. A-10-08-003, which is now the subject of

23  the petition in case no. 11-cv-2715 GEB CKD HC.  Although the petitioner includes a second

24

25         [2]  This court lacks authority to issue writs of mandamus to direct state courts or their
    judicial officers in the performance of their duties.  See Clark v. State of Washington, 366 F.2d
26  678, 681 (9th Cir. 1966).  Accordingly, to the extent petitioner seeks such relief against the Clerk
    of the California Supreme Court, his request is denied.

1   denial order from the Supreme Court, for case no. S197187, this court cannot determine what

2   relief petitioner sought in case no. S197187, since no corresponding petition is included.[3]

3        In other words, the current record does not include anything, other than

4   petitioner's statements, to establish that petitioner exhausted to the highest state court the claims

5   he raises in his current petition.

6        Analysis

7        28 U.S.C. § 2254 provides, in pertinent part:

8        An application for a writ of habeas corpus on behalf of a person in custody
         pursuant to the judgement of a State court shall not be granted unless it
9        appeals that — (A) the applicant has exhausted the remedies available in
         the court of the States; or (B)(i) there is an absence of available State
10       corrective process....

11  28 U.S.C. § 2254(b)(1)(A)-(B).  See also Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512

12  (1971).

13       In California, petitioners may seek habeas relief from any of the three state courts,

14  but, in order to exhaust for federal habeas purposes, their claims must be presented to the state's

15  Supreme Court.  See, e.g., Biggs v. Duncan, 339 F.3d 1045, 1048 n.1 (9th Cir. 2003) ("[W]hile

16  consideration by the California Supreme Court alone would exhaust an individual claim,

17  consideration by lower courts would not.")  It is the petitioner's burden to establish that he has

18  exhausted his claims to the state Supreme Court, and the Ninth Circuit has held that a petitioner's

19  statement that he exhausted, without more, is insufficient to satisfy this burden.  See Cartwright

20  v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981), cert. denied, 455 U.S. 1023 (1982).

21       As noted above, in this case, the record includes petitioner's statements that he

22  has exhausted to the state Supreme Court, but there is nothing else to establish that petitioner

23

24       [3]   There are two other state Supreme Court orders attached to the petition in 11-cv-2715,
     for case nos. S196095, filed September 21, 2011, and S194440, also filed September 21, 2011.
25   Neither order addresses the merits of the underlying petitions, and, since the petitions themselves
     are not part of the record, this court cannot determine if either of those orders refers to petitions
26   in which petitioner raised challenges to RVR No. A-10-09-004.

1    actually did so.  Instead, the documents provided by the petitioner suggest that he exhausted a

2    similar, but different, RVR, which RVR is the subject of another petition currently pending in

3    this court, case no. 11-cv-2715.  Petitioner's statements that he has exhausted do not satisfy his

4    burden to establish that he has exhausted his available state court remedies, in accordance with

5    28 U.S.C. § 2254(b)(1).

6            Accordingly, IT IS HEREBY RECOMMENDED that respondent's  motion to

7    dismiss be granted, and that this petition be dismissed without prejudice.  Petitioner is cautioned

8    that the habeas corpus statute imposes a one year statute of limitations for filing non-capital

9    habeas corpus petitions in federal court.  Where the petitioner is challenging a prison disciplinary

10   conviction, the Ninth Circuit has held that direct review is concluded and the statute of

11   limitations commences, pursuant to subsection (d)(1)(D), when the final administrative appeal is

12   denied.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that statute of limitation

13   does not begin to run until petitioner's administrative appeal has been denied); Redd v. McGrath,

14   343 F.3d 1077, 1081-83 (9th Cir. 2003) (holding that denial of inmate's administrative appeal

15   was the "factual predicate" of inmate's claim that triggered commencement of limitations

16   period).  From the documents provided to this court, it appears that the final administrative

17   decision was issued on June 11, 2011.  The statute of limitations is not tolled while petitioner's

18   federal habeas petition is pending in federal court.  Therefore, if petitioner has not exhausted

19   state court remedies, he should dismiss this action and expeditiously proceed in state court.

20           These findings and recommendations are submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

22   days after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties.  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25   shall be served and filed within fourteen days after service of the objections.  The parties are

26   advised that failure to file objections within the specified time may waive the right to appeal the

1  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2        If petitioner files objections, he shall also address if a certificate of appealability

3  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

4  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

5  constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

6  which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

7  DATED: May 9, 2012

8                                  /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

9

10

11  GGH:rb
    john3234.fr

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26