1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL SAMUEL JOHNSON,

11              Petitioner,                    No. 2:11-cv-3234 MCE GGH P

12        vs.

13   GARY SWARTHOUT,

14              Respondent.              <u>ORDER</u> and

15   _____/      <u>FINDINGS AND RECOMMENDATIONS</u>

16              Petitioner, a state prisoner proceeding pro se, has filed this application for a writ

17   of habeas corpus pursuant to 28 U.S.C. § 2254.

18              On February 9, 2012, respondent moved to dismiss the petition, on the sole

19   ground that petitioner had failed to exhaust his remedies at the highest state court.  <u>See</u> Doc. No.

20   13.  On May 10, 2012, the undersigned filed findings and recommendations recommending that

21   the court grant the respondent's motion to dismiss because petitioner failed to establish that he

22   had exhausted his remedies at the state Supreme Court.  <u>See</u> Doc. No. 18.  On May 24, 2012,

23   petitioner filed a letter to the undersigned, asking the court to hold his current habeas petition in

24   abeyance pending disposition of a Supreme Court petition that he filed on April 10, 2012.  The

25   court construes petitioner's letter as a motion to stay the proceedings.  So construed, the motion

26   should be denied as moot, because the court's independent review of the state Supreme Court's

1

1    docket reflects that, on June 20, 2012, the state Supreme Court denied petitioner's April 10, 2012

2    petition.[1]  See, e.g., Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from

3    proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles,

4    250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of "matters of public record").

5              The motion to dismiss (Doc. No. 13) should also be denied, as the sole basis for

6    relief was petitioner's failure to exhaust, and it appears that petitioner has now exhausted his

7    available state court remedies.

8              Accordingly, IT IS HEREBY ORDERED that the findings and

9    recommendations filed May 10, 2012, are vacated.

10             IT IS HEREBY RECOMMENDED that

11        1.        Petitioner's request to stay these habeas proceedings (Doc. No. 19) be

12                  denied as moot;

13        2.        Respondent's motion to dismiss (Doc. No. 13) be denied; and

14        3.        Respondent be directed to file a response to the petition within 60 days if

15                  these findings and recommendations are adopted.

16             These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

18   days after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21   shall be served and filed within fourteen days after service of the objections.  The parties are

22   \\\\\

23   \\\\\

24   \\\\\

25   _____

26      [1]  The court reviewed the case information for petitioner's habeas petition at the
California Courts' website, located at http://www.courts.ca.gov/supremecourt.htm.

2

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:   August 1, 2012

4

5                                         <u>/s/ Gregory G. Hollows</u>
                                       UNITED STATES MAGISTRATE JUDGE

6

7

8  GGH:rb
   john3234.fr

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26