IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

    Petitioner,                      No. 2:11-cv-3234 MCE GGH P

    vs.

GARY SWARTHOUT,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application to pursuant to 28 U.S.C. § 2254.

        On January 10, 2013, petitioner was ordered to show cause, within twenty-one days, why respondent's November 16, 2012 motion to dismiss should not be granted. At that time, petitioner was warned that failure to file an opposition would result in a recommendation that this action be dismissed. Petitioner did not respond to the order to show cause; therefore, the court issued findings and recommendations on March 7, 2013, recommending that the motion to dismiss be granted. On March 15, 2013, petitioner filed a notice of change of address. On March 18, 2013, the findings and recommendations were returned by the U.S. Post Office as undeliverable. They were re-served on March 19, 2013. On March 20, 2013, the order to show cause was returned by the U.S. Post Office to the court as undeliverable. As a result, the court

vacated the findings and recommendations on April 2, 2013, and re-started the process by directing petitioner to show cause within twenty-one days why the motion to dismiss should not be granted. The second twenty-one day period has now expired, and petitioner has not shown cause or otherwise responded to the court's order.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Furthermore, It appears that petitioner has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. More than sixty (60) days have passed since the court order was returned by the postal service and petitioner has failed to notify the Court of a current address.

In addition, the court has reviewed the motion to dismiss based on lack of federal habeas corpus jurisdiction because petitioner is no longer in custody, and because the petition is procedurally barred. The court finds that on the face of it, the motion has merit. Petitioner's due process claims regarding his disciplinary proceeding are rendered moot by his release from prison, and the petition appears to be procedurally barred based on documentation submitted by respondent. See Dkt. no. 21-2.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed November 16, 2012 (docket # 27), be granted and this case be dismissed; and

2. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076
John3234.mtd.noopp2.wpd