1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL SAMUEL JOHNSON,

11            Petitioner,                    No. 2:11-cv-3234 MCE GGH P

12       vs.

13   GARY SWARTHOUT,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed an application to pursuant

17   to 28 U.S.C. § 2254.

18            On January 10, 2013, petitioner was ordered to show cause, within twenty-one

19   days, why respondent's November 16, 2012 motion to dismiss should not be granted.  At that

20   time, petitioner was warned that failure to file an opposition would result in a recommendation

21   that this action be dismissed.  Petitioner did not respond to the order to show cause; therefore, the

22   court issued findings and recommendations on March 7, 2013, recommending that the motion to

23   dismiss be granted.  On March 15, 2013, petitioner filed a notice of change of address.  On

24   March 18, 2013, the findings and recommendations were returned by the U.S. Post Office as

25   undeliverable.  They were re-served on March 19, 2013.  On March 20, 2013, the order to show

26   cause was returned by the U.S. Post Office to the court as undeliverable.  As a result, the court

vacated the findings and recommendations on April 2, 2013, and re-started the process by
directing petitioner to show cause within twenty-one days why the motion to dismiss should not
be granted.  The second twenty-one day period expired without a showing of cause by petitioner
or response to the court's order, resulting in yet another findings and recommendations, filed
June 10, 2013, recommending that the motion to dismiss be granted for failure to file an
opposition.  Petitioner did file objections on June 19, 2013, explaining that he had not received
any mail from the court for the previous four months, despite his having notified the court of all
his address changes.  At that time, petitioner informed the court of his current address.  By order
of July 15, 2013, the findings and recommendations were vacated for a second time, and
petitioner was warned that it would be the final time.  (ECF No. 36 at 2.)  Petitioner was then
directed to file an opposition within twenty-one days of that order.  The order stated: "Failure to
file an opposition will be deemed a statement of non-opposition and shall result in a
recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure
41(b)."  (Id.)  Petitioner has not filed an opposition, despite being given numerous opportunities
to do so.

   Local Rule 230(l) provides in part:  "Failure of the responding party to file written
opposition or to file a statement of no opposition may be deemed a waiver of any opposition to
the granting of the motion . . . ."  Local Rule 110 provides that failure to comply with the Local
Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or
within the inherent power of the Court."

   The order served by mail on July 15, 2013, was not returned as undeliverable.  In
addition, the court has reviewed the motion to dismiss based on lack of federal habeas corpus
jurisdiction because petitioner is no longer in custody, and because the petition is procedurally
barred.  The court finds that on the face of it, the motion has merit.  Petitioner's due process
claims regarding his disciplinary proceeding are rendered moot by his release from prison, and
the petition appears to be procedurally barred based on documentation submitted by respondent.

1   See ECF no. 21-2.

2          Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this

3   court must issue or deny a certificate of appealability when it enters a final order adverse to the

4   applicant.  A certificate of appealability may issue only "if the applicant has made a substantial

5   showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set

6   forth in these findings and recommendations, a substantial showing of the denial of a

7   constitutional right has not been made in this case.

8          Accordingly, IT IS HEREBY RECOMMENDED that:

9          1.  Respondent's motion to dismiss, filed November 16, 2012 (docket # 27), be

10  granted and this case be dismissed; and

11         2.  The District Court decline to issue a certificate of appealability.

12         These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

14  one days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

17  objections shall be filed and served within fourteen days after service of the objections.  The

18  parties are advised that failure to file objections within the specified time may waive the right to

19  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: September 18, 2013

21

22                    /s/ Gregory G. Hollows
                 UNITED STATES MAGISTRATE JUDGE

23

24

GGH:076

25  John3234.mtd.noopp3.wpd

26

3